IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**KADRYN SMITH** and
**JOSEPH DABNEY**, *Individually,*
*and on behalf of themselves and other similarly*
*situated current and former employees*,

    Plaintiff,

v.                                                      NO. _____

**OPACHS LLC,**
*a Tennessee Limited Liability Company,*
**OSCAR PRUITT**, *Individually,*                      **FLSA Opt-In Collective Action**
                                                                                                                **JURY DEMANDED**

    Defendants.

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiffs Kadryn Smith and Joseph Dabney ("Plaintiffs"), individually, and on behalf of themselves and all other similarly situated employees, brings this collective action alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq.* This matter includes collective claims for unpaid overtime and an individual claim for retaliation against OPACHS LLC and Oscar Pruitt ("Defendants"):

**I.     INTRODUCTION**

1. The FLSA was enacted in 1938. The principal congressional purpose enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory

1

minimum wage on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08(1945).

2. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees as defined herein.

3. Defendants violated the FLSA by failing to pay Plaintiffs and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA and for wrongfully terminating Plaintiff Smith's employment.

4. Plaintiff Smith is also bringing an individual claim against Defendants for retaliation under the FLSA because Defendants wrongfully terminated his employment for complaining about working through meal breaks without pay, not receiving pay for all hours worked, and for not being paid timely.

## II.   PARTIES

5. Defendant OPACHS LLC is a Tennessee limited liability company, with its principal address located at 5621 Federal Avenue, Memphis, Tennessee 38118-7918. Defendant OPACHS LLC is a heating, ventilation, and air conditioning services company. According to the Tennessee Secretary of State, Defendant OPACHS LLC may be served via its Registered Agent, United States Corporation Agents, Inc., 4295 Cromwell Road, Suite 308, Chattanooga, Tennessee 37421-2163.

6. Defendant Oscar Pruitt is the Owner and Field Support Manager of OPACHS LLC and exercised operational control over OPACHS LLC and its employees during the statutory period. Furthermore, Defendant Pruitt determined Plaintiffs' rate and method of pay and made the decision to pay Plaintiffs and Class Members straight time for overtime hours which is the crux of this lawsuit. Defendant Pruitt is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant Pruitt can be served at 5621 Federal Avenue, Memphis, Shelby County, Tennessee 38118-7918, or wherever he may be found.

7. Plaintiff Kadryn Smith is an individual who was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff was paid $16.50 per hour for certain hours worked for Defendants including some hours worked over 40 in a given workweek. Plaintiff Smith hereby consents to be a party-plaintiff and the named representative plaintiff in this action and his consent form is attached as part of collective *Exhibit A*.

8. Plaintiff Joseph Dabney is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Collective Action Complaint. Plaintiff was paid $17.50 per hour for certain hours worked for Defendants including some hours worked over 40 in a given workweek. Plaintiff Smith hereby consents to be a party-plaintiff and the named representative plaintiff in this action and his consent form is attached as part of collective *Exhibit A*.

### III.  JURISDICTION AND VENUE

9. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants have conducted business in this district and Plaintiffs were employed by and performed work for Defendants in this district during all times material to this action.

### IV.     CLASS DESCRIPTION

11. Plaintiffs bring this action on behalf of themselves and the following similarly situated persons as a class:

> All current and former hourly-paid non-exempt installation technicians who worked for Defendants for at least one weekly pay period consisting of at least forty (40) hours during the three (3) years preceding the filing of this Complaint, up to and including the present and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

### V.     COVERAGE

12. At all times material to this action, Defendants have been the "employer" of Plaintiffs and class members, as that term is defined by §203(d) of the FLSA.

13. At all times hereinafter mentioned, Plaintiffs and class members have been "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

14. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

      for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times material to this action, Plaintiffs and class members, as employees of Defendants, were engaged in commerce during all times material to this collective action.

## VI. FACTUAL ALLEGATIONS

17. Defendants own and operate a heating, ventilation, and air conditioning services company. Defendants conduct business in Western Tennessee and Eastern Arkansas.

18. Plaintiff Kadryn Smith was employed by Defendants as a full time, hourly paid, non-exempt installation technician from approximately January 22, 2022 to April 20, 2022. Plaintiff Smith was paid $16.50 per hour for certain hours worked for Defendants including some hours worked over forty (40) in a given workweek. Plaintiff Smith regularly worked more than forty (40) hours in a workweek during his entire employment.

19. Plaintiff Joseph Dabney was employed by Defendants as a full time, hourly paid, non-exempt installation technician from approximately February/March 2022 to April 2022. Plaintiff Dabney was paid $17.50 per hour for certain hours worked for Defendants including some hours worked over forty (40) in a given workweek. Plaintiff Dabney regularly worked more than forty (40) hours in a workweek during his entire employment.

20. Plaintiffs and class members worked for Defendants in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

21. At all times material, Defendants had a time keeping system for the purpose of recording the hours worked by Plaintiffs and class members, which system involved a "clocking-in"

and "clocking-out" process using a cell phone.

22. At all times material, Defendants have had a common plan, policy and practice of automatically "deducting" a 60-minute meal period during each shift, regardless of whether employees were fully relieved and/or, performed job duties, during such "deducted" meal breaks.

23. Plaintiffs and class members were not fully relieved of their job duties and responsibilities and/or, worked during such "deducted" 60-minute meal periods and not compensated at the applicable FLSA overtime compensation rates of pay by Defendants.

24. Plaintiffs and class members complained to Defendants about not being compensated overtime compensation for unpaid meal periods they were required to work through.

25. Nonetheless, Defendants failed to "edit-in" Plaintiffs' and class members' uncompensated 60-minute meal times into the time keeping system, or otherwise compensate them for such time.

26. The unpaid "deducted" meal period claims of Plaintiffs and class members are unified by a common theory of Defendants' FLSA violations.

27. In addition to the automatically deducted meal break claims, Defendants violated the FLSA by only compensating Plaintiffs and class members at their straight time rates for "on the clock" overtime work.

28. Defendants also required Plaintiffs and class members to clock out prior to finishing work. This resulted in compensable work being performed "off the clock" without pay.

29. Defendants also shaved Plaintiffs' recorded work time in order to reduce Defendants' overtime liability, specifically for "overmanned" jobs.

30. Defendants were aware they were not compensating Plaintiffs and class members at the

applicable FLSA overtime rates of pay within relevant weekly pay periods at all times material.

31. Defendants' common plan, policy and practice of not compensating Plaintiffs and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

32. Defendants' failure to compensate Plaintiffs and class members for the time they performed job duties during unpaid meal periods, only compensating straight time for overtime hours, and shaving of time records was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

33. As a result of Defendants' lack of good faith and willful failure to pay Plaintiffs and class members in compliance with the requirements of the FLSA, Plaintiffs and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

34. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiffs and class members one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiffs and class members.

35. Finally, Defendants terminated Plaintiff Smith's employment because he complained about his pay checks reflecting less than his actual hours worked, working through uncompensated meal breaks, and the tardiness of regularly scheduled paychecks.

## VII. **FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiffs bring this case as a collective action on behalf of themselves and class members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated

damages, statutory penalties, attorneys' fees and costs, and other damages owed.

37. Plaintiffs and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiffs and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

38. Plaintiffs and class members are similarly situated because their unpaid automatically "deducted" meal period claims, "off the clock" claims, and "time shaving" claims for unpaid overtime, are all unified by a common theory of Defendants' FLSA violations.

39. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiffs and the class.

40. Defendants did not have a good faith basis for their failure to compensate Plaintiffs and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

41. Therefore, Defendants are liable to Plaintiffs and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

42. Plaintiffs estimate there are approximately five (5) to ten (10) putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

43. Plaintiffs' and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

44. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

45. At all times material, Plaintiffs and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

46. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiffs and class members also have engaged in interstate commerce during all times material to this action.

47. Plaintiffs and class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

48. As a result of Defendants' common plan, policy and practice of automatically "deducting" meal break periods, requiring "off the clock" work, and shaving time of Plaintiffs and class members, Defendants have violated the FLSA and are liable to them for unpaid overtime compensation.

49. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

50. Through their actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and class members for all hours worked in excess of forty (40) per week at the applicable overtime rates, as required by the FLSA.

51. Defendants' actions were willful with reckless disregard to clearly applicable FLSA provisions and were not in good faith.

52. The unpaid overtime claims of Plaintiffs and class members are unified by a common

theory of Defendants' FLSA violations.

53. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and class members have suffered and will continue to suffer a loss of income and other damages.

54. Therefore, Defendants are liable to Plaintiffs and class members for actual damages and liquidated damages, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
### (Violation of the Fair Labor Standards Act – Smith's Individual Retaliation Claim)

55. The forgoing paragraphs are incorporated by reference as if fully stated herein.

56. In April 2022, Defendants unlawfully terminated Plaintiff Smith's employment.

57. Prior to his termination, Plaintiff Smith complained to Defendant OPACHS LLC's management about the tardiness of regularly scheduled paychecks, time shaving, not being paid for all hours worked, and working through automatically deducted uncompensated meal breaks.

58. Plaintiff Smith's aforementioned complaints constitute protected activity under 29 U.S.C. § 215(a)(3).

59. Defendants violated 29 U.S.C. § 215(a)(3) by unlawfully retaliating against Plaintiff Smith for engaging in activity protected under the FLSA. Defendants were aware of this protected activity before taking adverse employment actions against Plaintiff Smith. Defendants' decision to terminate Plaintiff Smith's employment was causally connected to, and because he engaged in, the aforementioned protected activity. As a result of Defendants' conduct, Plaintiff Smith has suffered monetary damages (lost wages), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages. Defendants' conduct was willful and/or in reckless disregard for Plaintiff Smith's

rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiffs and class members all unpaid overtime compensation against Defendants;

b) Award Plaintiffs and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiffs and class members liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiffs and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Enter an Order awarding Plaintiff Smith damages for Defendants' retaliatory action against him in violation of 29 U.S.C. § 215(a)(3);

k) Allow Plaintiffs to amend their Complaint, if necessary, as new facts are discovered; and

l) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: April 28, 2022.	Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFFS AND FOR OTHERS SIMILARLY SITUATED*